IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMI DEAN,

    Plaintiff,

vs().                                                        No. CIV 96-1779 BB/WWD
                                                           Consolidated with
COOPER'S INC., d/b/a                    No. CIV 96-1780 JC/RLP
Western Warehouse

    Defendant,

and

COLLEEN REED

    Plaintiff,

vs.

COOPER'S INC., d/b/a
Western Warehouse,

    Defendant.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court upon plaintiffs' Motion to Compel, filed January 9, 1998 [43-1]. Plaintiff seeks to compel defendant ("Cooper's") to produce certain personnel files, as requested in plaintiff's second and third requests for production. In this Title VII action, plaintiffs Dean and Reed, both former assistant managers at Cooper's Farmington store, claim that defendant discriminated against them on the basis of sex when it passed over them for promotion to a managerial position and instead hired a male with no previous western wear retail experience.

**Personnel files**

Plaintiffs request files of former or present assistant managers who were considered for promotion and are either identified as witnesses by defendant (Requests Nos. 17-21, 36, 37) or who have been or will be deposed (Requests Nos. 31, 33-35)[1]. The broad scope of discovery in employment discrimination cases extends to personnel files. Weahkee v. Norton, 621 F.2d 1080 (10th Cir. 1980); Rich v. Martin Marietta Corp., 522 F.2d 333 (10th Cir. 1975). Plaintiffs have amply demonstrated that the information in all these files, except for that of Bill Wakley[2], is reasonably calculated to lead to the discovery of admissible evidence and should be produced.

For example, two individuals, Debbie Gastelum and Stephanie Carr-Hella (Requests Nos. 33 and 34) were former assistant store managers who were passed over for store manager positions by defendant and whose statements during depositions support plaintiffs' "glass ceiling" theory. The requested files could easily be expected to contain not only information concerning job evaluations and qualifications for promotion, but also certain personal information which, viewing plaintiffs' allegations as true, hits squarely on the central issue of whether defendant's promotion practices were sexually discriminatory.[3] Watson v. Fort Worth Bank & Trust, 487 U.S. 977 (1988) (in Title VII disparate treatment case, plaintiff must prove that defendant had discriminatory intent).

---

[1] Request No. 35 is no longer in issue, as parties have stipulated to the production of this file.

[2] The name is spelled "Wakley" and "Wakely" throughout the briefs.

[3] When applying for a job at Cooper's, plaintiffs were asked questions concerning marital status, number of children and childcare information. See Reply, Ex. A.

2

Further, liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims of disparate impact, which may be established by demonstrating statistical evidence.  See Wards Cove Packing Co., Inc. et al, 490 U.S. 642, 657 (1989); Burns v. Thiokol Chem. Corp., 483 F.2d 300, 305-06 (5th Cir. 1973).  This type of claim especially warrants the production of information from personnel files in order to include individuals who were not promoted but arguably should have been as well as those individuals who were promoted but shouldn't have been.

However, I agree with the defendant that plaintiffs' request is overly broad. Therefore, I am allowing defendant to excise the documents to remove tax withholding information, dependent information, and any psychiatric or psychological evaluations the files may contain, as these materials are of a more personal nature and their relevancy to the case is not readily apparent.

Any other information disclosed from the personnel files will be subject to the confidentiality order entered into by the parties and approved by the Court, as it adequately protects the privacy interests of individuals whose personnel files are produced.  See Stipulated Order Relating to Discovery, entered July 23, 1997, [23].  Defendant maintains that the Order covers only financial and trade secret information and not private information contained in employee personnel files.  I agree with plaintiffs that the latter is covered under 3(A)(3) on page 5 under "any other document . . . which will violate the provisions of any existing confidentiality agreement between the producing party and a third party."

Wakley's Personnel File

Plaintiffs want Bill Wakley's personnel file (Request No. 31) not to make comparisons in qualifications and experience, but rather to attack his credibility as the district manager in charge

3

of personnel issues at the Farmington store, including morale problems involving the former store manager who was ultimately terminated. I see no purpose to bringing in Wakley's evaluations and employment history other than to present him as an incompetent corporate executive. I am also reluctant to allow production of a personnel file solely on the basis that it may contain evidence to impeach.

**1992 evaluations of other personnel**

Plaintiffs state that defendant altered evaluations of various other personnel which they had both performed prior to resigning. According to plaintiffs, they were told to revise the evaluations at the time because they were "too high," but neither plaintiff subsequently revised them. They now request both the "original" and "revised" evaluations (Requests Nos. 25 and 26) for these employees which were done in 1992 in order to buttress their case with the actual documents that can support their allegations. Without denying that both groups of evaluations exist, Cooper's relied on semantics in order to avoid producing *any* of these evaluations. They claimed that they could not produce "originals" because they were not aware of any subsequent "revised evaluations," followed by the corollary statement: they could not produce "revised evaluations" because, not having kept copies of evaluations which have been "revised," they would not be able to determine whether the evaluations in the files were "original" or "revised." Mem. Ex. D.

Plaintiffs state that they would be able to tell if the evaluations were changed by checking for their signatures. Their request seems simple enough for defendant to have understood. I find that this information is relevant to the criteria and qualifications used by defendant in the promotion process under plaintiffs' disparate impact theory. Therefore, defendant shall produce

4

the documents for both Requests Nos. 25 and 26.  If defendant is still unable to ascertain which evaluations are "original" and which are "revised," then defendant shall produce *all* evaluations for all employees for whom both plaintiffs performed evaluations in 1992.

**Affidavit of willingness to relocate**

Defendant presents two affidavits from Bill Wakley, Director or Operations, and Thomas Price, Director of Human Resources, stating that the "affidavit of willingness to relocate" (Request No. 22) does not exist.  Resp. A & B.  Mr. Wakley had alluded to such an affidavit in his deposition, but in a subsequent affidavit states that discussions about such a requirement never materialized during plaintiffs' employment at Cooper's.  I find that defendant's response is adequate.

**Recap sheets**

Plaintiffs also request periodic sales figures, or "recap sheets" (Request No. 32). Defendant justifies its refusal to answer on the fact that the sheets are "weekly," and not "daily or monthly."  Plaintiffs' intentions in asking for "recap" sheets could hardly be lost on defendant, so that I agree with plaintiffs that Cooper's refusal to answer was disingenuous.[4]  Cooper shall produce the weekly recap sheets.

**Attorney's Fees and Costs**

Finally, Cooper's responses regarding the 1992 personnel evaluations and particularly the recap sheets indicate a litigating style that has less to do with zealous advocacy and more to do with gratuitously frustrating one's opponent.  However, I also understand that Cooper has agreed

---

[4] The response stated: "Cooper's is unaware of any documents responsive to this request."  Mem., Ex. D.  Defendant does not object to producing this material on any particular ground other than not having a duty to respond to a technically unanswerable request.

to produce financial statements despite the fact that plaintiffs made this request in an untimely manner.[5]  Because an act of good faith on the part of one party is deserving of another, parties shall bear their own costs and fees.  Now, Therefore,

**IT IS ORDERED** that plaintiffs' Motion to Compel [43-1] is hereby granted in part, as delineated above;

**IT IS FURTHER ORDERED** that the personnel files produced shall be subject to the stipulated confidentiality order entered in this case, and that such documents shall be marked "confidential," shall be used only for the purposes of this action, shall not be disclosed to third parties, shall remain in the sole control of counsel for defendant, and shall be returned to defendant within thirty days of settlement or final judgment of this action.

**IT IS FURTHER ORDERED** that on or before January 30, 1998, defendant shall comply with this Order;

**IT IS FINALLY ORDERED** that each party shall bear its own costs and fees.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Discovery ended December 19, 1997.  See Order Granting Joint Motion for Extension of Discovery Deadline, entered Sept. 29, 1997.  According to defendant, this request was made December 5, which would not allow a response time within the deadline.